UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRINIDAD SUYAPA BARAHONA | * | CIVIL ACTION |
| Plaintiff | * | |
| VERSUS | * | NO. 05-0152 |
| | * | |
| DILLARD DEPARTMENT STORES, INC. | * | SECTION "B" |
| INC. | * | (Judge Lemelle) |
| & CLINIQUE SERVICES, INC. | * | |
| Defendants | * | |
| | * | MAGISTRATE 2 |
| | * | (Magistrate Wilkinson) |

*****************************************************************

## MEMORANDUM IN OPPOSITION TO
## MOTION TO CONFIRM ARBITRATION AWARD

MAY IT PLEASE THE COURT:

**TO BE ABSOLUTELY CLEAR,** the emails which the defendant withheld had been printed out onto paper and held in a hard copy folder maintained by the decision-maker, Patrick Broussard, when discovery was propounded almost three years ago. Despite the existence of relevant paper documents and electronic data, the defendant did not produce these items. At the time of the Arbitration, the Arbitrator DID NOT know and was NOT told that the emails existed in a printed folder held by the decision-maker.

In its discovery responses, the defendant claimed to have produced all relevant documents

- *1* -

which were requested. These communications were asked about in depositions and at trial, and their existence was denied, until the last witness on the last day of trial. There was absolutely no way undersigned counsel could have known that such relevant material existed, when the defendant was claiming that it produced everything.

At the arbitration, when the emails were discovered, Dillards' attorney, Mike Burke, stated as follows: "I was not aware of any email, so I don't believe we produced any email that wasn't already in the files. There are copies of some things in the files." (R. 75).

The truth is that these printed emails, to and from the decision maker, proximate to the termination, about the termination, were sitting in the decision-maker's desk, in a folder, at the time of termination. However, when the documents were sought in discovery, Dillards' withheld these documents. The documents demonstrate discriminatory intent. A review of the documents shows why there would be a motive to hide the documents. Specifically, these non-disclosed documents contradict testimony of the defendant's witnesses and undermines its entire case.

## CONCLUSION

In the instant case, the plaintiff was denied a fair trial due to the defendant's conduct. Dillard's intentionally concealed/withheld critical evidence which prejudiced the plaintiff. Consequently, the final award in this case should be vacated.

Respectfully submitted

BURGOS & EVANS, L.L.C.

_____
ROBERT B. EVANS, III, III (# 23473)
Cesar R. Burgos (# 24328)
3535 Canal Street
New Orleans, Louisiana 70119-6135
Telephone: (504) 488-3722
Attorneys for Trinidad Suyapa Barahona

## CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading has this day been served upon all counsel of record by e-filing this 23 day of July, 2009.

_____
ROBERT B. EVANS, III