UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRINIDAD SUYAPA BARAHONA, Plaintiff | * | CIVIL ACTION |
| | * | NO. 05-0152 |
| VERSUS | | |
| | * | SECTION B |
| DILLARD'S INC. and CLINIQUE SERVICES, INC., Defendants. | * | MAGISTRATE 2 |

**************************************************************************

### DEFENDANT'S REPLY IN SUPPORT OF
### DEFENDANT'S MOTION TO CONFIRM ARBITRATION AWARD

In plaintiff's recently filed "Memorandum in Opposition To Motion To Confirm Arbitration Award" (Doc. # 52, filed on July 23, 2009), she continues her unfortunate and ill-advised practice of disregarding the actual record in this case and making whatever unfounded (and false) allegations she deems will support her desired outcome.[1] This time, her memorandum makes the following assertions, none of which is true: (1) that her counsel asked Dillard's witnesses during depositions whether the non-produced e-mails existed, (2) that Dillard's witnesses denied in their depositions that the non-produced e-mails existed, (3) that plaintiff could not have known about the non-produced e-mails prior to the hearing, and (4) that the e-mails in question contradict the reasons Dillard's asserted for plaintiff's termination. See Doc. # 52 (Pl.'s Resp. in Opp. to Def.'s Mot. to Confirm), p. 2. And, not surprisingly, she makes no attempt whatsoever to cite any piece of evidence in this case which supports these allegations.

---

[1] One particularly egregious example from earlier proceedings in this case is described in Defendant's Response in Opposition To Plaintiff's Motion To Lift Stay and To Vacate Arbitration Award at 6-8, (Doc. # 32-1) (refuting plaintiff's blatant misrepresentations regarding the parties' arbitrator selection process).

It is a long-standing rule that mere factual assertions without citation to the record should be disregarded as untrue. See Hildebrandt v. Ill. Dep't of Natural Res., 347 F.3d 1014, 1034 (7th Cir. 2003) (a court need not consider facts that are not supported by proper citation to the record); Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996) ("The district court also properly disregarded Appellants' numerous unsupported factual allegations"). See also Jones v. Sch. Bd. of Bossier Parish, 51 F.3d 1045, 1995 WL 153411, *2 (5th Cir. 1995) (noting that "it would be impossible to furnish record citations for statements which refer to facts and evidence that are not in the record"). Even though all thirteen depositions taken in this case were transcribed, as was the 3-day arbitration hearing, plaintiff cited nothing in the record to support her assertions because, of course, no such support exists. Accordingly, the Court should disregard plaintiff's most recent exercise in wishful thinking.

With respect to the first and second of plaintiff's above-mentioned assertions, Patrick Broussard is the only witness questioned about the existence of the originally non-produced e-mails, and plaintiff's counsel asked Mr. Broussard that series of questions for the first time at the hearing. See Doc. # 51-6 (Hr'g Tr. Vol. 3), pp. 70-88. Likewise, plaintiff's contention that she could not have known of the e-mails prior to the hearing is untrue given that she could have questioned Mr. Broussard at his deposition about the e-mails, just as she did at the hearing. Moreover, the undisputed, and critical, point is that plaintiff did learn of the e-mails *at the hearing*. See Karaha Bodas Co., v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara, 364 F.3d 274, 306 (5th Cir. 2004) (holding that to prove "fraud" warranting vacatur, a party must prove she would not have discovered the "fraud" through due diligence "before or during the arbitration" (emphasis added)). However, plaintiff now seeks to jettison this inconvenient fact to avoid discussion of her choice at the hearing to reject the opportunity to

recess the hearing and conduct discovery regarding the non-produced e-mails before reconvening the arbitration.  See Doc. # 32-9 (Hr'g Tr.), pp. 81-6; Doc. # 32-1 (Arb. Award), p.2.  Plaintiff made a calculated decision, which she now obviously regrets, and wants a second bite at the apple.  This is not allowed.  Trans Chem. Ltd. v. China Nat'l Mach. Import & Export Corp., 978 F. Supp. 266, 306 (S.D. Tex. 1997) (explaining that "a disappointed party will not be given a second bite at the apple"), adopted by, 161 F.3d 314 (5th Cir. 1998).  Finally, plaintiff's cursory assertion that the non-produced e-mails "contradict testimony of Dillard's witnesses and undermines [sic] its entire case" lacks any basis in fact and simply highlights, once again, that plaintiff's arguments for vacatur amount to no more than an "evidentiary appeal" of the sort that the Supreme Court has rejected as a basis for vacatur under the Federal Arbitration Act.  See Hall St. Assocs. v. Mattel, Inc., 128 S. Ct. 1396, 1405 (2008).

WHEREFORE, for the foregoing reasons, Defendant Dillard's Inc. requests that the Court enter an order denying plaintiff's motions to vacate the arbitration award, granting Defendant's Motion to Confirm Arbitration Award, and granting any further relief the Court deems just and proper.

Respectfully submitted,

**BRYAN CAVE LLP**

MICHAEL P. BURKE
(Admitted Pro Hac Vice)
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2700 – telephone
(314) 259-2020 – facsimile

By: :  /s/ Tara G. Richard
**TARA G. RICHARD**
La. Bar No. 26356
Jones, Walker, Waechter,
  Poitevent, Carrère & Denègre, LLP
201 St. Charles Avenue
New Orleans, LA 70170
(504) 582-8000 – telephone
(504) 582-8011 – facsimile

Attorneys for Dillard's, Inc., f/k/a
  Dillard's Department Stores, Inc.,
  Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2009, the foregoing was filed electronically with the clerk of the court to be served by operation of the Court's electronic filing system upon the following:

ROBERT B. EVANS, III
Burgos & Evans, L.L.C.
3632 Canal Street
New Orleans, LA 70119-6135

Attorneys for Plaintiff

  /s/ Tara G. Richard