UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRINIDAD SUYAPA BARAHONA | * | CIVIL ACTION |
| Plaintiff | * | |
| VERSUS | * | NO. 05-0152 |
| | * | |
| DILLARD DEPARTMENT STORES, INC. | * | SECTION "B" |
| INC. | * | (Judge Lemelle) |
| & CLINIQUE SERVICES, INC. | * | |
| Defendants | * | |
| | * | MAGISTRATE 2 |
| | * | (Magistrate Wilkinson) |

*************************************************************************

## PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO CONFIRM ARBITRATION AWARD

MAY IT PLEASE THE COURT:

Frustrating is the fact that counsel for Dillard's spends more time in its Memoranda attacking undersigned counsel than explaining why Dillard's consciously concealed relevant evidence. In its latest Reply Memorandum, the defendant says that there is no citation to the record where Dillard's or its employees denied the existence of emails. That is false.

First, and most important, as discussed in earlier pleadings, the plaintiff specifically requested emails related to Suyapa Barahona's employment. Dillard's did not admit that emails existed but were not being produced for some legitimate objection. To the contrary, Dillards

produced what it claimed to be all of the complete files on Suyapa Barahona. The DECISION MAKER, Patrick Broussard, maintains those employment files. He provided those employment files to Dillards' counsel. Patrick Broussard did not give his attorney the email letters with his supervisor that he had printed out and kept in a folder in his desk. So, the first place where Dillard's denied the existence of the emails is when they failed to produce the emails in discovery.

Second, in Patrick Broussard's deposition, undersigned counsel asked Patrick Broussard how he remembered a certain fact and whether he had reviewed some letters that undersigned counsel had not seen.

Q.   My issue or my question really is how you remembered the issue with Mona and Rose, if it was from a letter or a note that you have somewhere.

A.   No. It's - - I don't - -  I think it was just - - it stuck in my head that I had spoken to them prior. There is no other letters that I have.

(See attached Depo of Patrick Broussard, p. 20, lines 9-16).

Later in his deposition, undersigned counsel questioned Broussard about a complaint made by a customer, Jerome Boykin, the NAACP representative in Houma. Mr. Boykin complained to Broussard that he believed that Suyapa Barahona was mistreated by a white employee. Undersigned counsel asked Broussard if he investigated the matter. Broussard said that he did not. Undersigned counsel asked Broussard if he reported it to the other store. Broussard could not remember.

Q.   Did you notify the other store about the potential problem?

- 2 -

A.    I don't recall if I did or did not.

(See attached depo. of Patrick Broussard, p.33, lines 17-19).

The truth of the matter is that Patrick Broussard wrote an email to Linda Sholtis, his direct report, on March 9, 2004, one month prior to Barahona's termination, wherein he discussed that a customer witnessed mistreatment of Barahona by a white employee. The existence of this email was denied, yet it existed in Broussard's secret files. (See attached memo from Broussard to Linda Sholtis, dated March 9, 2004).

Here, Jerome Boykin is a publicly recognized member of the NAACP suggesting to the Dillard's manager that a white employee was mistreating an Hispanic employee. In a secret email, one month before termination, the District Manager, Linda Sholtis, tells the decision maker, Broussard, " I WOULD WAIT AND IF SHE COMES TO YOU TO COMPLAIN, THEN I WOULD ADDRESS. I DON'T BELIEVE THE EEOC STATEMENT AND I COULD CARE LESS ABOUT WHAT HE IS A MEMBER OF. "

Finally, undersigned counsel asked Broussard what he had reviewed in preparation for his deposition. He did not mention his secret emails.

Q.    Did I ask you what you reviewed before your deposition?

A.    Yes sir, you did.

Q.    What was your answer?

A.    Personnel files. I believe I read back over EEOC files, unemployment, the - -
        whatever we had submitted for her unemployment.

(See Depo. Of Broussard, pp. 33-34, lines 19-2).

Clearly, undersigned counsel asked Patrick Broussard at least three times questions to which Broussard could have disclosed that he had relevant emails about issues we were discussing in his deposition. Yet, three separate times he refused to mention that he had a stash of secret emails in his desk about Barahona.

If this is not considered an unfair trial than undersigned counsel does not know what is. Undersigned counsel took numerous depositions, including the decision maker. Undersigned counsel propounded written discovery seeking emails. Dillards and its decision maker failed to disclose relevant, derogatory emails that relate to the heart of the termination. The result is that the trial was not complete. There were documents and witnesses which were not in evidence. A decision was made by the Arbitrator based upon an incomplete record as a result of Dillards' repeated, fraudulent concealment.

Despite repeated refusals to admit the existence of the emails, Dillards now wishes this Court to believe that it was all inadvertent. However, the testimony of the decision maker, Broussard, in his deposition, make clear, that he was hiding something and just was not sure how to answer.

"No. It's - - I don't - -  I think it was just - - it stuck in my head that I had spoken to them prior. There is no other letters that I have."

## CONCLUSION

In the instant case, the plaintiff was denied a fair trial due to the defendant's conduct. Dillard's intentionally concealed/withheld critical evidence which prejudiced the plaintiff. Consequently, the final award in this case should be vacated.

Respectfully submitted

**BURGOS & EVANS, L.L.C.**

**ROBERT B. EVANS, III, III (# 23473)**
Cesar R. Burgos (# 24328)
3535 Canal Street
New Orleans, Louisiana 70119-6135
Telephone: (504) 488-3722
Attorneys for Trinidad Suyapa Barahona

## CERTIFICATE

I hereby certify that a copy of the above and foregoing pleading has this day been served upon all counsel of record by e-filing this  31  day of July, 2009.

**ROBERT B. EVANS, III**